

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 22, 2014

Oscar Cruz, Jr., Esq.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210

      Re:    *United States v. Rupert Crossley*
             Criminal No. 14-mj-5063-JGD

Dear Counsel:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Rupert Crossley ("Defendant"), in the above-referenced case. The Agreement is as follows:

      1.    Change of Plea

      At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with: Count 1, money laundering conspiracy, in violation of 18 U.S.C. §1956(h); Count 2, conspiracy to defraud the United States, in violation of 18 U.S.C. §371; and Counts 3-4, illegally entering an airport and airport area, in violation of 49 U.S.C. §§46314(a) and (b)(2). Defendant expressly and unequivocally admits that he committed the crimes charged in Count One through Four of the Information, did so knowingly, willfully and intentionally, and is in fact guilty of those offenses.

      The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §1956(a)(3)(A) and (B) (Money Laundering) based on conduct underlying the crimes charged in this case.

      2.    Penalties

      Defendant faces the following maximum penalties on each count of the Information: on Count 1, incarceration for 20 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Information; on Count 2, incarceration for 5 years; supervised release for 3 years; a fine of $250,000; and a

mandatory special assessment of $100; on Counts 3-4, incarceration for 10 years; supervised release for 3 years; a fine of $250,000; and a mandatory special assessment of $100.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. §3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG §2S1.1(a)(2), Defendant's base offense level is eight (8);

- in accordance with USSG §2B1.1(b)(1)(G), Defendant's offense level is increased by twelve (12), because the laundered funds were more than $200,000 but less than $400,000;

- in accordance with USSG §2S1.1(b)(1)(B)(i), Defendant's offense level is increased by six (6), because Defendant knew or believed that the laundered funds were proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical; and

- in accordance with USSG §2S1.1(b)(2)(B), Defendant's offense level is increased by two (2), because Defendant will be convicted under 18 U.S.C. §1956.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose any of Defendant's arguments for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. §3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three (3) levels Defendant's adjusted offense level under USSG §3E1.1(b).

The U.S. Attorney reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a) incarceration for between 18 to 36 months;

(b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) 36 months of supervised release;

(d) a mandatory special assessment of $400.00; and

(e) forfeiture as set forth in Paragraph 9 of this Agreement.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

(a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

4

    (b)    Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

    (c)    Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 36 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

    (d)    This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant understands and acknowledges the U.S. Attorney has retained all appeal rights.

    (e)    Notwithstanding the previous sub-paragraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this Agreement or the entry of the guilty plea.

7.    Other Post-Sentence Events

    (a)    In the event that, notwithstanding the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c)).

    (b)    If, notwithstanding the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

    (c)    In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

8.    Court Not Bound by Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole

discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the sum of $4,000. Defendant admits that $4,000 is subject to forfeiture on the grounds that it is property involved in the offense alleged in Count One of the Information. Defendant agrees to consent to the entry of orders of forfeiture for such property, including the entry of an order of forfeiture in the form of a personal money judgment, and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. To assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from August 28, 2012 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will

not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets

10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the U.S. Attorney.

13. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that his breach of any obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to the proffer agreement dated August 28, 2014, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.  **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.  **Complete Agreement**

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated August 28, 2014. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated August 28, 2014 (subject to Paragraph 13, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Carlos A. López.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

RUPERT CROSSLEY
Defendant

Date: 9/23/14

I certify that Rupert Crossley has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

OSCAR CRUZ, JR.
Attorney for Defendant

Date: 9/23/14